The document below is hereby signed.

Signed: January 30, 2019



*S. Martin Teel Jr.*

S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

```
In re                          )
                               )
DAVID J. BROWN,                )   Case No. 16-00466
                               )   (Chapter 7)
              Debtor.          )
                               )
_____)
                               )
BRYAN S. ROSS, TRUSTEE,        )
                               )
              Plaintiff,       )
     v.                        )   Adversary Proceeding No.
                               )   18-10026
A V CAR & HOME, LLC, et al.,   )
                               )   Not for publication in
              Defendants.      )   West's Bankruptcy Reporter
```

MEMORANDUM DECISION AND ORDER
RE MOTION FOR LEAVE TO FILE THIRD-PARTY COMPLAINT

A V Car & Home, LLC ("AV"), a defendant in this adversary proceeding, has filed a *Motion for Leave to File Third Party Complaint* (Dkt. No. 27) against Welch Family Limited Partnership Four ("Welch Four"). Welch Four has filed an opposition to the *Motion* (Dkt. No. 28), in which it contends that AV's *Motion* is procedurally defective and that AV is not entitled to the relief sought in its Third-Party Complaint. For the following reasons, the court finds that AV's *Motion* was in effect a motion to add

Welch Four as a defendant to its counterclaim and cross-claim in the adversary proceeding, and as such, was not procedurally improper, but that the Third-Party Complaint fails to allege a valid theory of relief.

I

FACTUAL SUMMARY

AV and the debtor, David J. Brown, each owns a 50% interest in property located at 309 H Street, N.W., Washington, D.C. 20001 ("Property"). Welch Family Limited Partnership Nine ("Welch Nine") has purchased the secured debt encumbering the Property. Welch Four, an affiliate of Welch Nine, owns real property adjoining the Property. On July 11, 2016, Welch Four commenced an action in the Superior Court of the District of Columbia, seeking title to the walkway on the Property and an additional portion of property lying over the walkway, by adverse possession or prescriptive easement ("Adverse Possession Claims").

On September 8, 2016, Brown filed a voluntary petition under Chapter 11 of the Bankruptcy Code, commencing Case No. 16-00466, in which this adversary proceeding is pursued. By an order entered in the bankruptcy case on January 11, 2017, Brown's case was converted to a case under Chapter 7 of the Bankruptcy Code and Bryan S. Ross was appointed the Chapter 7 trustee.

On June 20, 2018, AV also filed a Chapter 11 case, Case No. 18-00434. Two days later, AV removed the Superior Court action

to this court, where it was docketed as Adversary Proceeding No. 18-10013 in AV's bankruptcy case.

On October 19, 2018, Ross commenced this adversary proceeding by filing a *Complaint to Sell Property Free and Clear of Co-Owners' Interests, Free and Clear of Liens and Interests, and in Lieu of Partition* against AV, Welch Nine, Brown, and Phil Scott.  Ross seeks authority under 11 U.S.C. § 363(f) and (h) to sell the Property to Welch Four free and clear of any co-ownership interest of Scott and AV, in connection with a proposed settlement between Welch Nine, Welch Four, and Ross.  In return, Welch Four would dismiss its Adverse Possession Claims upon closing the sale.  On November 16, 2018, AV filed an *Answer, Counterclaim, and Cross-Claims to Sell Property Free and Clear of Owners' Interests, Free and Clear of Liens and Interests, and in Lieu of Partition* (Dkt. No. 12) against Ross, Brown, Scott, and Welch Nine.  AV's claims asserted therein seek authority to sell the Property free and clear of any interest of Scott and Brown's bankruptcy estate.

On December 17, 2018, this court issued its *Memorandum Decision and Order Granting Motion to Remand*, remanding the Superior Court action, Adversary Proceeding No. 18-10013, to the Superior Court.  AV believes that it will not be able to get an adjudication in the Superior Court of the Adverse Possession Claims before a sale of the Property is authorized.  As a result,

3

on December 21, 2018, AV filed its *Motion*, seeking leave to file a proposed Third-Party Complaint against Welch Four pursuant to Fed. R. Civ. P. 14 (applicable to this proceeding under Fed. R. Bankr. P. 7014).  In its Third-Party Complaint, AV seeks authority to sell the Property free and clear of Welch Four's Adverse Possession Claims, with these claims to attach to the proceeds of the sale.

II

PROCEDURAL PROPRIETY OF THE MOTION

AV argues that its *Motion* is both appropriate and consistent with consideration of the effect of impleading Welch Four on "(1) the possible prejudice to the plaintiff; (2) complication of issues at trial; (3) probability of trial delay; and (4) timeliness of the motion to implead."  *Con-Tech Sales Defined Ben. Trust v. Cockerham*, 715 F. Supp. 701, 703 (E.D.Pa. 1989). AV contends that its *Motion* satisfies these requirements because discovery has been minimal in the adversary proceeding, the scheduling order in this case incorporates and anticipates its *Motion*, and inclusion of Welch Four will not complicate the issues at stake in the adversary proceeding.

Welch Four does not dispute that AV's *Motion* satisfies these factors.  Instead, Welch Four contends that AV's *Motion* must be dismissed because it is procedurally faulty.  Namely, Welch Four argues that a third-party complaint pursuant to Fed. R. Civ. P.

4

14(a)(1) is inappropriate because according to the provisions of that Rule, its purpose is to permit the assertion of claims where the third-party defendant "is or may be liable to [the movant] for all or part of the claim against it," such as indemnity, contribution, or subrogation, which is not the nature of the relief that AV seeks from Welch Four.  Welch Four further argues that AV should have raised its request to sell the Property free and clear of liens and interests under § 363(f) in a contested matter pursuant to Fed. R. Bankr. P. 6004(c), rather than in this adversary proceeding.

    Even assuming that Fed. R. Civ. P. 14 was not the proper means of adding Welch Four as a party to AV's claims in this adversary proceeding, Fed. R. Civ. P. 13(h) (applicable under Fed. R. Bankr. P. 7013) makes Fed. R. Civ. P. 19 and 20 govern AV's addition of a party-defendant to AV's counterclaim and cross-claims.  In particular, Fed. R. Civ. P. 20(a)(2) (applicable under Fed. R. Bankr. P. 7020) permits joinder of defendants when "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and "any question of law or fact common to all defendants will arise in the [adversary proceeding]."  In this case, AV's *Motion* and Third-Party Complaint satisfy both of these conditions.  AV seeks relief

5

pertaining to Welch Four (*i.e.*, the right to sell the Property free and clear of the Adverse Possession Claims) that arises out of the same transaction or occurrence as is at issue in this adversary proceeding (*i.e.*, the competing proposals to sell the Property). In addition, relevant questions of law and fact are common to Welch Four and the cross-claim/counterclaim defendants in this adversary proceeding, including the *ownership* and *valuation* of the Property, as impacted by the Adverse Possession Claims. Regardless of whether AV's claims asserted in the Third-Party Complaint, to sell the Property free and clear of Welch Four's Adverse Possession Claims, would have merit, AV's *Motion* satisfies the requirements of Fed. R. Civ. P. 20(a)(2)(B).

The court also disagrees that AV needed to pursue its relief by means of a contested matter. True, AV's Third-Party Complaint alleges that pursuant to 11 U.S.C. § 363(f), AV may sell the Property free and clear of Welch Four's Adverse Possession Claims, and Rule 6004(c) deals with sales free and clear of liens under § 363(f). However, those claims of Welch Four are claims of ownership of a portion of the Property (the Property's walkway and space over the walkway). Under Fed. R. Bankr. P. 7001(3), an adversary proceeding is required for "a proceeding to obtain approval under § 363(h) for the sale of both the interest of the estate and of a co-owner in property." Indeed, that is what Ross's *Complaint* seeks: a sale under § 363(h) of the entire

6

Property, including Brown's and AV's ownership interests in the Property as well as any ownership interest of Welch Four in the Property. In light of Ross's proposal under 11 U.S.C. § 363(h), AV's counterclaim and cross-claims are an appropriate means of introducing its competing requests for relief of a similar nature under Fed. R. Civ. P. 13(a),(b), and (g).[1]

### III

### AV'S THEORY OF RELIEF

Having assessed the procedural propriety of AV's *Motion*, the court must now "consider whether the proposed third-party complaint alleges a cause of action for which relief may be granted." *Helferich Patent Licensing, LLC v. Suns Legacy Partners, LLC*, 917 F. Supp. 2d 985, 989 (D. Ariz. 2013). In its Third-Party Complaint, AV seeks to sell the Property free and clear of Welch Four's Adverse Possession Claims, contending that "Welch Four could be compelled to accept a money satisfaction of its interest in the Property." In response, Welch Four argues that § 363(f) does not authorize a bankruptcy court to permit a sale of property that has not been determined to be the property

---

[1] Moreover, the purpose of notice under Fed. R. Bankr. P. 6004 is to "provide procedural assurance that a party holding or claiming an interest in real property in a debtor's estate will receive timely notice of the intention to sell specific property free and clear of liens." *In re Metzger*, 346 B.R. 806, 815 (Bankr. N.D. Cal. 2006) (citing *In re Ex-Cel Concrete Co.*, 178 B.R. 198, 203 (B.A.P. 9th Cir. 1995)). AV's Third-Party Complaint will give Welch Four timely notice of AV's intention.

of the estate and that the Third-Party Complaint cites no statutory or precedential authority in nonbankruptcy law that would permit the sale of the Property free and clear of Welch Four's Adverse Possession Claims.  Absent such an authority, Welch Four argues, AV fails to state a valid claim.

The court agrees that the Third-Party Complaint fails to state a claim.  "A bankruptcy court may not allow the sale of property as 'property of the estate' without first determining whether the property is property of the estate." *In re Whitehall Jewelers Holdings, Inc.*, No. 08-11261, 2008 WL 2951974, at *4 (Bankr. D. Del. July 28, 2008) (citing *Moldo v. Clark (In re Clark)*, 266 B.R. 163, 172 (B.A.P. 9th Cir. 2001)).  It is a long-standing principle of bankruptcy law that the reference to "property" in § 363(f) applies to the debtor's property that is part of the bankruptcy estate, and not to other ownership interests, including, if Welch Four prevails on its Adverse Possession Claims, the property in dispute in that litigation. *See Connolly v. Nuthatch Hill Assocs. (In re Manning)*, 831 F.2d 205, 207 (10th Cir. 1987) (holding that tenancy in partnership, but not indirect interest in assets owned by the partnership, was part of the bankruptcy estate).  "In other words, if the property is [Welch Four's] it may not be sold by [AV]; if it is not [Welch Four's], it may be sold.  The threshold question, is it ... property of the estate, must first be decided." *Clark*, 266 B.R.

at 172. The court may not authorize the sale of the entire Property while the ownership of the portion of the Property in dispute in the Adverse Possession Claims remains unresolved.[2]

Some courts have permitted or upheld sales undertaken pursuant to 11 U.S.C. § 363 after determining that the objecting party had waived the right to raise an adverse possession claim as a defense to the sale. *See Canzano v. Ragosa (In re Colarusso)*, 280 B.R. 548, 558-60 (Bankr. D. Mass. 2002), *aff'd*, 295 B.R. 166 (B.A.P. 1st Cir. 2003), *aff'd*, 382 F.3d 51 (1st Cir. 2004); *Rushton v. Williams (In re Williams)*, 271 B.R. 663, 673 (Bankr. D. Utah 2001); *Sigmar v. Anderson*, 212 S.W.3d 789, 794-96 (Tex. App. 2006). Other courts have permitted or upheld sales after ruling against the objecting party on its adverse possession claim. *See Unaatuq, LLC v. Green (In re Catholic Bishop of Northern Alaska)*, 509 B.R. 229, 250 (Bankr. D. Alaska 2014), *aff'd*, 525 B.R. 723 (D. Alaska), *aff'd*, No. 4:14-CV-0012-

---

[2] Put differently, AV and Brown each has a 50% ownership interest in whatever portion of the Property is the "property of the estate" and may be sold pursuant to § 363(f), but if the Superior Court rules that Welch Four has acquired the disputed portion of the Property by adverse possession, then AV and Brown have no ownership interest in that portion of the Property and may not use § 363(f) to compel a sale that includes that portion of the property. In contrast to AV's Third-Party Complaint, Ross's proposed settlement avoids this problem because Welch Four has agreed to dismiss the Adverse Possession Claims as a condition of the completion of a sale by Ross to Welch Four. This permits the sale to proceed as a sale of the entire Property to Welch Four, albeit at a discount relative to the offers that AV claims to have received.

HRH, 2015 WL 632185 (D. Alaska Feb. 12, 2015) (objecting parties failed to establish an ownership interest through adverse possession that would have entitled them to notice under § 363); *In re Kelly*, No. 02-18037, 2017 WL 4465025, at *2-*5 (Bankr. W.D. Wis. October 5, 2017), *appeal denied*, *Kelly v. Herrell*, 2018 WL 3421320 (W.D. Wis. 2018). But consistent with the principle that a bankruptcy court may authorize under § 363 the sale only of property that is part of the estate, these courts have *not* authorized sales while there remains "an unresolved issue of whether the subject property is 'property of the estate.'" *In re Interiors of Yesterday, LLC*, No. 02-30563, 2007 WL 419646, at *7 (Bankr. D. Conn. Feb. 2, 2007) (quoting *In re Claywell*, 341 B.R. 396, 398 (Bankr. D. Conn. 2006)). As long as Welch Four's Adverse Possession Claims remain unresolved, this court cannot grant the relief that AV seeks. Because the Third-Party Complaint fails to allege a theory under which relief may be granted, AV's *Motion* must be denied.

## IV

## CONCLUSION

In light of the foregoing, it is

ORDERED that AV's *Motion for Leave to File Third Party Complaint* (Dkt. No. 27) is DENIED.

[Signed and dated above.]

Copies to: Debtor; all counsel of record.